IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **CASE NO. 5:18-CR-50008-003**

**RUBIN MORROW**     **DEFENDANT**

## OPINION AND ORDER

Before the Court is Defendant Rubin Morrow's Motion to Reduce Sentence or for Compassionate Release and his Motion to Expand Record (Docs. 255 & 256). The Government filed a response (Doc. 269), and Mr. Morrow replied (Doc. 270). The Court finds that the matter is ripe for consideration.

### I. BACKGROUND

On November 14, 2018, the Court sentenced Mr. Morrow to a 135-month term of imprisonment, a 3-year term of supervised release, a $9,900 fine, and a $100 special assessment. Mr. Rubin appealed, but the Eighth Circuit Court of Appeals affirmed this Court's sentence. *United States v. Morrow*, 802 F. App'x 212, 213 (8th Cir. 2020) (unpublished). Mr. Morrow then filed the instant *pro se* Motions seeking a reduction of his sentence to one of time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA").

Mr. Morrow is a 51-year old man with various health conditions. His medical records indicate that he has a history of shoulder and knee issues. Further, his medical records reflect that he has been diagnosed with asthma and an acute respiratory infection. There is no indication that he has tested positive for COVID-19. He is presently incarcerated at FCI Lompoc, and the Bureau of Prisons ("BOP") reports that at present there are only 16 inmates and five staff members with active cases of COVID-19 at FCI

Lompoc. See Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed January 5, 2021).

## II. LEGAL STANDARD

The FSA permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).

Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what

constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Morrow's Motions is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Morrow presents proof that he requested early release in April 2020, and the Government concedes that he has exhausted his administrative remedies. Since Mr. Morrow petitioned his warden for early release in April 2020 and more than 30 days have lapsed since then, the Court finds that Mr. Morrow has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Section 3553(a) Factors

The Court concedes that Mr. Morrow may be at an elevated risk of severe COVID-19 infection in light of his medical history of asthma and an acute respiratory infection. Still, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Here, Mr. Morrow participated in a drug trafficking organization by shipping methamphetamine from California to local distributors in Arkansas. (Doc. 215, p. 9). The Court ultimately held Mr. Morrow responsible for only 719 grams of actual methamphetamine, though there

was evidence that he shipped at least half a pound of methamphetamine a month to distributors in Arkansas. *Id.* at p. 14. When he was arrested at his residence, investigators found multiple firearms in his possession, including stolen ones. *Id.* at p. 12. In spite of this, the Court's sentence of 135 months was a downward variance from Mr. Morrow's Guideline range of 168 to 210 months.

By the Court's calculation, it appears that Mr. Morrow has served approximately 35 months—or 26%—of his 135-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Morrow to complete his 135-month sentence in 35 months would create a significant disparity with his co-conspirators and other defendants who have been held responsible for similar offenses. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that Mr. Morrow's sentence of 135 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Morrow has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release of Mr. Morrow.[1]

---

[1] To the extent Mr. Morrow asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Morrow serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

4

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Rubin Morrow's Motion to Reduce Sentence or for Compassionate Release and his Motion to Expand Record (Docs. 255 & 256) are **DENIED**.

**IT IS SO ORDERED** on this 5th day of January 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5