IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

V.                                          CASE NO. 5:18-CR-50008-003

**RUBIN MORROW**                                                                             **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Rubin Morrow's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 283). This is the third time Mr. Morrow has requested an early release from prison. His June 2020 motion (Doc. 255) argued he was entitled to early release due to the likelihood he would suffer severe illness or death if he contracted COVID-19 in prison, in view of his age and preexisting medical conditions. The Court denied the motion. *See* Doc. 272. His March 2022 motion (Doc. 277) restated the same COVID-related concerns and was denied for the same reasons. *See* Doc. 282.

Mr. Morrow's instant Motion takes a different approach. He justifies early release by claiming he has served enough time in prison and is now rehabilitated. He also cites his good behavior in prison and acceptance of responsibility for his crime. Mr. Morrow was sentenced to 135 months for conspiring to distribute methamphetamine. He has now served approximately 48 months, or 35%, of his sentence.[1]

Under the First Step Act of 2018 ("FSA"), inmates are permitted to seek sentence reductions directly from the sentencing court after "fully exhaust[ing] all administrative

---

[1] To the extent Mr. Morrow collaterally attacks the substantive reasonableness of his sentence and Court's calculation of the Guideline sentencing range, those issues were already considered on direct appeal. *See* Doc. 247-2 (affirming the Court's sentence).

1

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the inmate's administrative remedies have been exhausted, the Court may grant a sentence reduction if, "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, [the Court] finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Assuming Mr. Morrow exhausted his administrative remedies, he has failed to present extraordinary and compelling reasons to warrant a reduction in his sentence. The amount of time he has served is not particularly significant, nor is it unusual for an inmate to maintain good behavior in prison. As for his acceptance of responsibility, Mr. Morrow pleaded guilty to his crime, and the Court took this fact into account when imposing sentence. Accordingly, the Court's analysis of the Section 3553(a) factors has not changed and is incorporated here by reference. *See* Docs. 272, p. 4; 282, p. 4. The Court commends Mr. Morrow on his good behavior in prison and encourages him to continue to take advantage of the resources the Bureau of Prisons has to offer.

**IT IS THEREFORE ORDERED** that the Morrow's Motion to Reduce Sentence (Doc. 283) is **DENIED**.

**IT IS SO ORDERED** on this 1st day of ~~October~~ November, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE